## 20077

In the Matter of James L. FELDER, Respondent.

(217 S. E. (2d) 225)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *A. Camden Lewis, Asst. Atty. Gen.,* of Columbia, *for Complainant.*

*Matthew J. Perry, Esq.,* of *Jenkins, Perry & Pride,* of Columbia, *for Respondent.*

August 6, 1975.

*Per Curiam:*

This disciplinary proceeding is before us on a rule requiring the respondent James L. Felder, an attorney admitted to practice law in South Carolina, to show cause why the report of the Board of Commissioners on Grievances and Discipline should not be confirmed and why a disciplinary order should not be issued by this Court.

A complaint was filed against the respondent charging that he was guilty of misconduct tending to pollute the administration of justice and bring the legal profession into disrepute in that:

"On or about November 13, 1973, while representing Sarah Cook, Rosabelle Harp and Samuel Harp in connection with the Estate of Nathanial Harp, Respondent appropriated the sums of $4,568.26, $4,568.27 and $4,568.26 (totalling $13,704.79) to his own use and has failed and refused to account for the same to his clients and, further, it appears the Respondent comingled personal funds with trust funds."

The matter came to be heard before a hearing panel on November 21, 1974, on a stipulated statement of facts. On March 7, 1975, the hearing panel filed its report, finding misconduct and recommending disbarment.

Thereafter, the report of the hearing panel was scheduled to be presented to the full Board for its final action on April 11, 1975. On March 31, 1975, respondent tendered his resignation to the Chief Justice of this Court. The Court then instructed the full Board to file a recommendation as to whether the tendered resignation should be accepted. The matter came to be heard before the full Board as scheduled, at which time the respondent, his attorney and several character witnesses appeared. Thereafter the full Board took final action by deciding "that the Board would not object to the resignation being accepted by the

Court and in the alternative the Board recommends disbarment."

After hearing argument of counsel, we conclude that the respondent did misappropriate funds of his clients as alleged in the complaint and failed to account for the same.

The appropriate disposition of this matter is that recommended by the panel, and it is therefore ordered that the respondent, James L. Felder, be and he is hereby disbarred from the practice of law in this State, and he shall within five (5) days surrender to the Clerk of the Supreme Court of South Carolina the certificate heretofore issued by the Court admitting him to practice.

Let this order be published with the opinions of this Court.

Lewis, Justice (dissenting).

While I agree that respondent should no longer be permitted to practice law in this State, I think that his permanent resignation as a member of the Bar should have been accepted instead of proceeding with the order of disbarment. Every purpose for disciplinary action would have been accomplished in this case by acceptance of his resignation upon restitution to those injured—a course definitely open but disregarded by the majority.